# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CHRISTOPHER W. WILLIAMS                                                            PLAINTIFF
ADC # 153430

v.                                    5:16CV00094-BSM-JJV

JUSTINE MINOR, Disciplinary Hearing
Officer, Delta Regional Unit                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Christopher W. Williams ("Plaintiff") brings this pro se section 1983 action alleging Defendant Justine Minor violated his due process rights. (Doc. No. 2.) Specifically, he claims Defendant Minor - a disciplinary hearing officer - wrongfully found him guilty of a disciplinary violation. (*Id*. at 5.) He argues Defendant Minor's verdict was not supported by record evidence and was, in fact, ultimately reversed on appeal. (*Id*. at 6.) Nevertheless, Plaintiff purportedly spent thirty days in punitive isolation, during which time he allegedly: (1) had no access to library services; (2) received only three opportunities to shower per week, as opposed to the seven opportunities given general population inmates; (3) was delivered food through a non-hygienic slot in the door; (4) was housed in a cell that flooded; (5) lacked a mattress to sleep on; and (6) had limited opportunities to clean his cell. (*Id*. at

6-8.) After review[1] of these claims, I find that they fail to state a viable claim.

It is settled law that a valid Fourteenth Amendment due process claim requires a plaintiff to "demonstrate that he was deprived of life, liberty, or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Given that Plaintiff has not identified any deprivation of life or property, he must show the deprivation of some liberty interest. A disciplinary conviction implicates a liberty interest only where the punishment results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The punishments Plaintiff was allegedly subjected to do not rise to such an atypical hardship. *See Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) ( thirty days in punitive segregation was not an atypical and significant hardship); *Driscoll v. Youngman,*, 1997 U.S. App. LEXIS 26232, 1997 WL 581072 (8th Cir. 1997) (unpublished decision) (135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not amount to an atypical and significant hardship); *Ballinger v. Cedar Cnty.*, 810 F.3d 557, 562 (8th Cir. 2016) (finding no atypical hardship where claimant alleged reduced access to showers, telephone use, exercise, and social interaction with others); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (no atypical hardship where claimants' cells "were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above.").

Based on the foregoing, I find that Plaintiff has failed to state viable due process claim

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

3

against Defendant Minor.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 28th day of March, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."