IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHRISTOPHER W. WILLIAMS**  PLAINTIFF
**ADC #153430**

v.                      CASE NO. 5:16-CV-00094 BSM

**JUSTINE MINOR**, Disciplinary Hearing
Officer, Delta Regional Unit                      DEFENDANT

## ORDER

The recommended disposition ("RD") submitted by United States Magistrate Judge Joe J. Volpe [Doc. No. 4] and plaintiff Christopher Williams's objections [Doc. Nos. 7, 8] have been reviewed. After a *de novo* review, the RD is adopted with modification.

The RD dismisses the complaint because the allegations did not implicate a protected liberty interest. As Williams notes, the RD does not mention his loss of good time credit, which could be such an interest. Doc. No. 8 at 2–3; *see Wolff v. McDonnell*, 418 U.S. 539, 556–59 (1974); *Sandin v. Conner*, 515 U.S. 472, 477–78 (1995). This is a not a blanket rule, however, as state law, not the federal Constitution, determines whether a state created the protected interest. *Sandin*, 515 U.S. at 484; *Dobrovolny v. Moore*, 126 F.3d 1111, 1113 (8th Cir. 1997) (a state retains the right to interpret availability of state-conferred interest).

Although some states have created this protected interest, Arkansas has not. Williams points to Ark. Code Ann. § 12-29-201 as the statutory right to good time credit. Doc. No. 8 at 3. That provision does not create an entitlement to good time, however, because it is permissive and not absolute. *See* Ark. Code Ann. § 12-29-201(a) (an inmate "*may* be entitled" to good time) (emphasis added)). Furthermore, good time in Arkansas does not

reduce the length of a sentence, *id.* § 12-29-201(d), but only the location and conditions of confinement, *id.* § 12-29-201(e)(1).  *See id.* § 16-93-1302(d) (good time "shall not be considered as a reduction in sentence").  The Arkansas Supreme Court has concluded that this language does not create a protected liberty interest, which the federal district court has adopted.  *See, e.g., Curtis v. Kelley*, Case No. 4:15-CV-00098 DPM (E.D. Ark. Apr. 13, 2016), Doc. No. 35 ("Arkansas hasn't created a liberty interest in good time credits."); *Cooper v. Norris*, No. 5:09-CV-00278 SWW, 2009 U.S. Dist. LEXIS 109852 (E.D. Ark. Oct. 27, 2009); *McKinnon v. Norris*, 231 S.W.3d 725, 730 (Ark. 2006) ("Arkansas has not created a liberty interest in good time under [*Wolff*].").

Accordingly, Williams's complaint is dismissed without prejudice for the failure to state a claim, which constitutes as a "strike" under 28 U.S.C. § 1915(g).  No certification will be made as to the good faith nature of an *in forma pauperis* appeal.

IT IS SO ORDERED this 26th day of May 2016.

　　　　　　　　　　　　　　　　　　　　／s／ Brian S. Miller
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE